**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| TERRI HUNT, | ) | |
| | ) | 8:05CV58 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **AMENDED** |
| | ) | **STIPULATED PROTECTIVE ORDER** |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY STIPULATED by and between Plaintiff Terri Hunt ("Plaintiff") and Defendant Experian Information Solutions, Inc. ("Experian"), through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. The following documents and information ("Confidential Information") shall be deemed confidential pursuant to this Order and subject to its protection:

    a. All documents from the computer system that Experian uses to compile, retain, reinvestigate, and disclose consumer credit information, including Administrative Reports, Dispute/Response Logs, and Disclosure Request Logs;

    b. All documents containing computer codes relating to the computer system that Experian uses to compile, retain, reinvestigate, and disclose consumer credit information, including Administrative Reports, Dispute/Response Logs, and Disclosure Request Logs;

   c. All proprietary and confidential agreements between Experian and its customers;

   d, All documents containing Experian's policies and procedures, including, but not limited to, its training manuals and participant guides;

   e. Any tax returns of the Plaintiff to the extent relevant and used in this lawsuit;

   f. All credit reports, credit files and credit applications of Plaintiff;

   g. Any account or financial information of the plaintiff, including applications for credit, insurance, wage information, credit and account information, insurance policies and binders, lease agreements, loan documents and documents evidencing real estate purchases and ownership; and

   h. All motions, briefs, pleadings, deposition transcripts filed with the Court, or other filings with the Court that incorporate or disclose the above documents or information.

  3. The parties also agree to redact all personal identifiers of Plaintiff, including address, social security number, and account numbers, **on any item not already the subject of this Order.**

  4. In order to clarify what a party or non-party designates as Confidential Information, any party or non-party producing or filing documents or other materials in this action may designate such materials specifically listed above and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

  5. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

  6. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated

Confidential Information hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

7. Any document, transcript or pleading given confidential treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated Confidential Information hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (e) persons noticed for deposition or designated as trial witnesses in a trial witness list filed with the Court and expert witnesses retained for any purpose in this litigation or consulted for this litigation so long as the witness or expert has a need to know such information and so long as the witness or expert has executed a signed agreement to be bound by this Amended Stipulated Protective Order in the form attached hereto as Exhibit A (such signed agreements shall be retained by counsel of record obtaining same).

8. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom Confidential Information is disclosed are hereby enjoined from disclosing same to any other person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

9. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential Information." All such confidential documents shall be filed under seal in connection with any motion, reply or other court proceeding.

10. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential Information," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

11. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished same.

12. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Amended Stipulated Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Amended Stipulated Protective Order.

13. Nothing in this Order shall affect the Privacy rules found in Local Rule 5.3, and the parties agree to abide by the provisions of Local Rule 5.3.

14. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

Dated: August 4, 2005

/s/Brad A. Sobolewski
Brad A. Sobolewski (OH 0072835)
Jones Day
901 Lakeside Avenue
North Point
Cleveland, Ohio  44114
(216) 586-3939 (Phone)
(216) 579-0212 (Fax)
Attorneys for Defendant Experian Information Solutions, Inc.

Dated: August 4, 2005

/s/William L. Reinbrecht
William L. Reinbrecht, #20138
Car & Reinbrecht, P.C., L.L.O.
8720 Frederick Street, Suite 105
Omaha, NE 68124
(402) 391-8484 (Phone)
(402) 391-1103 (Fax)
Attorney for Plaintiff Terri Hunt

**IT IS SO ORDERED.**

Dated this 5th day of August, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **TERRI HUNT,**<br><br>　　　　**Plaintiff,**<br><br>　v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>　　　　**Defendant.** | Civil Case No.: 8:05CV58<br><br>**CONFIDENTIALITY AGREEMENT** |

　　　　I acknowledge that I have read and understand the Amended Stipulated Protective Order in this case and agree to abide by its terms and conditions. I also understand that any violation of the Amended Stipulated Protective Order by me or anyone acting under my direction may subject me to penalties for contempt of court and/or a lawsuit. I agree that any disclosure of documents or information in violation of the Amended Stipulated Protective Order by me will cause irreparable harm, and I waive the defense of adequate remedy at law to any action for injunctive or other equitable relief. I agree to submit to the jurisdiction of this court with respect to any claim or action concerning the enforcement of this Agreement.

Dated:
_____

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Signature

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Address: