IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERRI HUNT, | ) | |
| | ) | 8:05CV58 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| EXPERIAN INFORMATION SOLUTIONS, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

This is an action for damages under the Fair Credit Reporting Act, 15 U.S.C. § 1681a *et seq.* In her Complaint, plaintiff alleges that defendant Experian Information Systems, Inc. ("Experian"), violated the Fair Credit Reporting Act by reporting inaccurate information and failing to properly reinvestigate plaintiff's dispute of the information.

Defendant moves for summary judgment in its favor. It asserts that the FCRA does not afford relief where a consumer entered transactions for business or commercial purposes. Defendant further alleges that the undisputed evidence shows that plaintiff cannot show that defendant's actions caused her damages.

There is no dispute that defendant is a credit reporting agency covered by the Act. 15 U.S.C. § 1681a(f). There is similarly no dispute that the report maintained by defendant on plaintiff was a report maintained on plaintiff in her individual capacity and was not a commercial credit report. Also, it is undisputed that plaintiff applied for credit in her individual capacity. The evidence also shows that plaintiff owns four houses and leases them to tenants.

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Harder v. ACANDS*, Inc., 179 F.3d 609, 611 (8th Cir.1999). Once a party has filed a motion for summary judgment, the burden shifts to the nonmoving party to "go beyond the pleadings and 'by affidavit or otherwise' designate 'specific facts showing that there is a genuine issue for trial.'" *Planned Parenthood of Minnesota/South Dakota v. Rounds,* 372 F.3d 969, 972 (8th Cir. 2004) (quoting *Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271 (8th Cir.1992)). A dispute is genuine if the evidence is such that a reasonable trier of fact could return a decision in favor of the party opposing summary judgment. *Id.* In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations. *Kenney v. Swift Transp. Co.*, 347 F.3d 1041, 1044 (8th Cir. 2003). Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *Koehn v. Indian Hills Community College,* 371 F.3d 394, 396 (8th Cir. 2004).

The FCRA applies to consumers, defined to mean "individuals." 15 U.S.C. § 1681a(c). Consumer report means:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected . . . for the purpose of serving as a factor in establishing the consumer's eligibility for
>
> > (1) credit or insurance to be used primarily for personal, family, or household purposes, or
> > (2) employment purposes, or
> > (3) other purposes authorized under Section 1681b of this title.

15 U.S.C. § 1681a(d)(1). "Consumer" includes only natural persons, and does not include partnerships, corporations, trusts, estates coops, associations or government entities. *See* 16 C.F.R. 600, App. § 603(a). A report is a "consumer report" if (1) person who requests it actually uses it for one of the statutory purposes, or (2) the agency preparing the report expects it to be used for one of the consumer purposes, or (3) the agency which prepared the report originally collected the information expecting it to be used for one of the consumer purposes. *Ippolito v. WNS*, Inc. 864 F.2d 440, 449 (7th Cir.1988).

Under the FCRA, "whether a credit report is a consumer report does not depend solely upon the ultimate use to which the information contained therein is put, but instead, it is governed by the purpose for which the information was originally collected in whole or in part by the consumer reporting agency." *Bakker v. McKinnon,* 152 F.3d 1007, 1012 (8th Cir. 2002); *Phillips v. Grendahl,* 312 F.3d 357, 366 (8th Cir. 2002) (finding report a consumer report because it was prepared with expectation it would be used for a statutory purpose); *St. Paul Guardian Insurance Co. v. Johnson,* 884 F.2d 881, 883 (5th Cir. 1989) (purpose for which information is collected, rather than use to which it is put, governs whether it is a "consumer report"); *Comeaux v. Brown & Williamson Tobacco Co.* 915 F.2d 1264, 1274 (9th Cir. 1990) (if a report is provided on reasonable expectation that it will be put to a permissible use under the Act, then it is a "consumer report" and the ultimate use to which it is actually put is irrelevant). Punitive damages as well as actual damages for emotional distress are recoverable under the FCRA. *Phillips,* 312 F.3d at 369; *Millstone v. O'Hanlon Reports, Inc.,* 528 F.2d 829, 834 (8th Cir. 1976) ( affirming an award of punitive damages on evidence that the defendant "trampled recklessly" on the plaintiff's rights).

The court finds that there is no merit to defendant's contention that plaintiff is not covered under the FCRA because she is engaged in a commercial enterprise. There is no evidence that plaintiff has, or is part of, any type of company, trust, partnership, corporation or other business entity in connection with her rental property. Similarly, there is no evidence that defendant collected the information for any other purpose than those set out in the FCRA, that is, to establish Hunt's eligibility for personal credit or insurance, employment, licensing or other permissible purpose under the Act. Cases to the contrary are inapposite; they deal with the extension of commercial credit. *See, e.g., Yeager v. TRW, Inc.,* 961 F. Supp. 161, 163 (E.D. Tex. 1997) (report issued in response to application for commercial credit); *Wrigley v. Dun & Bradstreet,* 375 F. Supp. 969, 970-71 (N.D. Ga. 1974), *aff'd,* 500 F.2d 1183 (5th Cir.1974) (credit report issued on owner of construction company for purpose of extending commercial credit to the company was not covered by the F.C.R.A.); *Sizemore v. Bambi Leasing Corp.*, 360 F. Supp. 252, 254 (N.D. Ga. 1973) (FCRA inapplicable to individual denied credit to lease truck for commercial use); *Fernandez v. Retail Credit Co.,* 349 F. Supp. 652, 655 (E.D. La. 1972) (report relating to corporate president's application for life insurance not a consumer report where corporation was the sole beneficiary and insurance was necessary for the business to secure a loan, although court stated result might have been different if president's family had been co-beneficiary on the policy).

The evidence shows that plaintiff's allegations all relate to credit applied for by plaintiff in her personal capacity. It would have been extended to plaintiff personally, and in reliance on her personal credit report. Plaintiff has also presented evidence that shows that there are genuine issues of material fact with respect to defendant's other assertions.

Whether or not defendant employed reasonable procedures to maintain accuracy and prevent error or to conduct reasonable investigations of disputed information is a question of fact. Similarly, whether Experian's action would warrant punitive damages is a question of fact. Accordingly, the defendant's motion for summary judgment will be denied.

IT IS ORDERED that defendant's motion for summary judgment (Filing No. 75) is denied.

DATED this 31st day of August, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief United States District Judge